UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>**Plaintiff,**<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,<br><br>**Defendants.** | Civil Action No. 25-3481 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jane Doe is a foreign national who works as a university instructor. See ECF No. 1 (Compl.), ¶ 5. In this suit, she seeks adjudication and approval of her Form I-765, Application for Employment Authorization, or, alternatively, review of her Form I-485, Application to Adjust Status. Id., ¶ 4. Plaintiff challenges Defendants' decision to deny her employment authorization, which was based on the denial of her I-485. Id., ¶ 3. Because this litigation contains "highly sensitive and personal information," and because Plaintiff fears that public disclosure of her immigration status would expose that status to her employer and could result in termination or other adverse employment action, damage her professional relationships, and diminish her future career opportunities, she has moved to proceed under a pseudonym. See ECF Nos. 2 (Mot.); 2-1 (Mem. in Support of Mot.) at 1–3. The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

1

I.  **Legal Standard**

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.     Analysis**

At this stage, Plaintiff has succeeded in showing that her privacy concerns outweigh the public's presumptive and substantial interest in learning her identity.  The Court will address each of the five factors in turn.

The first and second factors, taken together, support granting the Motion.  Plaintiff does not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature" and "avoid retaliatory physical or mental harm."  Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  In particular, she argues that public identification would: "(a) expose her immigration status to her employer, (b) create a substantial risk of termination or other adverse employment action, (c) damage professional relationships, and (d) diminish future employment opportunities."  Mem. in Support of Mot. at 2.  The Court is persuaded that such risks — including employer scrutiny, potential termination, and damage to professional relationships and career prospects — are "concrete, imminent, and directly tied to her identity."  Id.  Plaintiff avers in an attached declaration that her employer "faces potential reputational and legal risks from public association with immigration-related litigation, creating additional concrete harm from disclosure that extends beyond [her] personal circumstances."  ECF No. 2-2 (Decl. of Jane Doe), ¶ 5.  The Court finds that this employer-related risk heightens the likelihood of adverse employment action against Plaintiff.

As Plaintiff concedes, however, the third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) — weighs against pseudonymity because she is an adult.  See Mem. in Support of Mot. at 3.

The fourth factor weighs in favor of pseudonymity. Plaintiff is suing a government defendant and seeking individualized relief. In such cases, courts have generally favored pseudonymity. See, e.g., Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a yearlong delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted); see also Am. Foreign Serv. Ass'n v. State, No. 24-3385, ECF No. 8 (Mem. Op) at 5–6 (D.D.C. Dec. 11, 2024) (fourth factor favors pseudonymity where plaintiffs sought review of individual benefit denials); J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) ("[A]nonymous litigation is more acceptable when the defendant is a governmental body because government defendants do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing.") (quotation marks and citation omitted); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (factor supported pseudonymity where "[p]laintiff allege[d] deficiencies in ICE's compliance with FOIA solely with respect to his individual request").

The fifth factor counsels in favor of pseudonymity because the Government would suffer no "risk of unfairness" if the Motion were granted. In re Sealed Case, 971 F.3d at 327 (quoting In re Sealed Case, 931 F.3d at 97). Plaintiff has already revealed her identity under seal. See Decl. of Jane Doe, ¶ 2. In such circumstances, this factor tilts against disclosure. See In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity); Doe v. ICE, No. 24-617, Mem. Op. at 5 (fifth factor supports motion where defendant already knows plaintiff's identity). Defendants, of course, remain free to

4

request any further information they deem necessary to the full and fair defense of the case, and Doe remains free to object.

In sum, all factors except the third weigh in favor of granting the Motion to proceed pseudonymously. That lopsided balance resolves the matter in Plaintiff's favor, at least on the current record.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action;

3. For all public filings, the parties shall redact Plaintiff's name, age, date of birth, Social Security number, Alien Registration number, and any other personally identifying information that could lead to the identification of Plaintiff by non-parties; and

4. Within fourteen days of this Order, Plaintiff must file:

    i. A pseudonymous version of her [2] Motion on the public docket; and

    ii. A sealed declaration containing her real name and residential address.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: October 8, 2025